BARBARA A. MATTHEWS (SBN 195084)
Assistant U.S. Trustee
MARGARET H. McGEE, Trial Attorney (SBN 142722)
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
1301 Clay Street, Suite 690N
Oakland, California 94612-5231
Telephone: (510) 637-3200
maggie.mcgee@usdoj.gov

Attorneys for Acting United States Trustee, Sara L. Kistler

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>GREGORY F. GRIFFIN<br><br>　　　　　Debtor. | Case No. 08-42426 LT 7<br><br>Chapter 7<br><br>Adversary Proceeding No.<br><br>COMPLAINT TO DENY DISCHARGE |
| Sara L. Kistler, Acting<br>United States Trustee,<br>　　　　　Plaintiff,<br>　　v.<br><br>GREGORY F. GRIFFIN<br>　　　　　Defendant. | |

　　　　Sara L. Kistler, the Acting United States Trustee for Region 17 of the Office of the U.S. Trustee (the "Acting U.S. Trustee"), files this complaint objecting to Debtor's discharge and states in support thereof as follows:

**JURISDICTION**

1.　Plaintiff is the Acting United States Trustee and files this proceeding pursuant to the authority granted to her under Title 11, Section 727(c)(1) of the United States Code.

2.　Venue of this proceeding is in the United States Bankruptcy Court for the Northern District of California pursuant to Title 28, section 1409 (a) of the United States Code.

3. This Court has jurisdiction to hear and determine this complaint pursuant to Title 28, section 157(b)(2)(J) of the United States Code.

**BACKGROUND FACTS**

4. Gregory F. Griffin (the "Defendant" or "Debtor") filed a voluntary petition under chapter 11 of the U.S. Bankruptcy Code on May 15, 2008.

5. In connection with Defendant's bankruptcy case, Defendant filed Schedules A through J and a Statement of Financial Affairs ("SOFA") on July 3, 2008.

6. Defendant appeared at a meeting of creditors held on June 16, 2008 in connection with his chapter 11 case, which was continued because Defendant had not yet filed schedules and SoFA. Creditors questioned the Defendant at that time.

7. Defendant appeared at a meeting of creditors held on July 14, 2008, and creditors questioned the Defendant at that time.

8. Defendant's bankruptcy case was converted to a case under chapter 7 on motion by the Acting U.S. Trustee on February 20, 2009 and Tevis Thompson was appointed as the chapter 7 trustee.

9. A meeting of creditors was conducted in Defendant's chapter 7 case on March 18, 2009 and continued to March 25, 2009 and, at both times, the Debtor testified.

10. Defendant filed the following amendments to his Schedules and SoFA on September 23, 2009:

   A. Schedule B no. 13 (which asks for interests in incorporated and unincorporated businesses) to change his interest in Bay Estates Group LLC from 25% to 33.3% and to identify a 15% interest in Sargent Ranch;

   B. SoFA no. 4 (which asks for a list law suits) to include Susan Raissi v. Greg Griffin;

   C. SoFA no. 10 (which asks for a list transfers) to identify "15% interest conditionally transferred in Sargent Ranch in Satisfaction of Fiduciary Duty to Lenders."

11. Defendant amended Schedule B. No. 14 (which asks for interests in partnerships) on January 26, 2009 to add 33.3% interest in Bay Estates Group LLC and 15% interest in Sargent Ranch (these item were removed from No. 13).

12. Defendant amended Schedule E on March 6, 2009 to add Deborah Griffin and Shermark Ventures, Inc. as creditors.

13. Defendant amended Schedule F on March 6, 2009 to add Art Appleton, Randall Bupp, Kelly Yanes, Pensco and Black Mountain Development as creditors. Defendant deleted creditor D. Griffin.

14. Defendant was and remains Chief Executive Officer of First Blackhawk Financial Corporation (hereinafter referred to as "FBF").

15. FBF was in the business of brokering mortgages for individuals and soliciting investors for and providing private lending in connection with the development of real estate.

16. Included among FBF's private lending transactions was a financing of the purchase and potential development of Sargent Ranch, a large ranch south of San Jose.

17. FBF and Defendant were involved in obtaining approximately $55,000,000 in private loans in connection with Sargent Ranch.

## FIRST CLAIM FOR RELIEF

### §727(A)(3)-- Failure To Keep Or Preserve Adequate Books and Records

18. The Acting U.S. Trustee re-alleges and incorporates herein the allegations contained in paragraphs 1 through 17 inclusive.

19. On or about April 20, 2009, the Acting U.S. Trustee obtained an order directing an examination of Defendant pursuant to Federal Rule of Bankruptcy Procedure 2004.

20. In connection with the order authorizing the Rule 2004 examination, the Acting U.S. Trustee requested, among other things; a) all documents relating to bank accounts of the Debtor or his nominee for the two year period immediately preceding the bankruptcy filing; b) all documents relating to Debtor's or his nominee's interests in partnerships or joint ventures in the two years preceding the bankruptcy filing; and c) all documents relating to transfers made by Defendant or his nominee within two years immediately

preceding the bankruptcy filing.

21. Defendant failed to produce bank statements for FBF or produce documents associated with numerous entities in which Defendant had an interest in the two years preceding the bankruptcy filing.

22. Defendant failed to produce documents sufficient to determine Defendant's financial condition or his business transactions at the time the bankruptcy was filed and prior thereto.

23. Prior and subsequent to the bankruptcy filing, Defendant placed numerous documents of his own and that of FBF in storage units and thereafter failed to pay the storage facilities fees.

24. Because of Defendants failure pay the storage fees, the Acting U.S. Trustee was unable to access the storage facilities until obtaining a court order authorizing the Acting U.S. Trustee's access and only after the contents in at least one storage unit had been placed for auction.

25. In a storage facility in San Ramon, the Acting U.S. Trustee discovered approximately 34 boxes of documents, most of which contained financial information of FBF and Greg Griffin from 2002 to 2004. Very few documents existed dating from 2005 through the date of the bankruptcy filing.

26. During Defendant's 2004 examination held in May 2009, Defendant testified that there existed over 300 boxes of documents, yet only 34 boxes were discovered.

27. Even with the discovery of 34 boxes of documents, the Acting U.S. Trustee in unable to determine the Defendant's financial condition at the time of filing or immediately prior thereto or to determine FBF's or Defendant's significant business transactions prior to the bankruptcy filing.

28. FBF and Defendant were involved in well over $60,000,000 of private lending transactions including Sargent Ranch, yet few records exist to account for the funds obtained from investors or to determine where the funds went after received by Defendant and FBF.

29. Section 727(a)(3) provides that the court shall grant a debtor a discharge unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained unless such act or failure to act was justified under all of the circumstances of the case.

30. Plaintiff is informed and believes and thereon alleges, Defendant either concealed, destroyed, or failed to keep or preserve books and records from which his financial condition may be ascertained and his failure to act is not justified under all of the circumstances of the case pursuant to 11 U.S.C. Section 727(a)(3).

## SECOND CLAIM FOR RELIEF

### §727(a) (2)–intent to hinder, delay or defraud a creditor

31. The U.S. Trustee re-alleges and incorporates herein the allegations contained in paragraphs 1 through 30 inclusive.

32. Plaintiff is informed and believes and thereon alleges Defendant, with intent to hinder, delay and defraud a creditor, the trustee, or the Acting U.S. Trustee, removed, destroyed, mutilated, or concealed, or has permitted to be removed, destroyed, mutilated or concealed, property of the debtor, including the books, documents, records, and papers from which the Defendant's financial condition or business transactions might be ascertained, within one year before the date of filing of the petition or after the date of the filing of the petition.

## THIRD CLAIM FOR RELIEF

### §727(a)(4)-- False Oath Or Account

33. The Acting U.S. Trustee re-alleges and incorporates herein the allegations contained in paragraphs 1 through 32 inclusive.

34. Plaintiff is informed and believes and thereon alleges, Defendant, at the time he filed his bankruptcy petition, held a legal or equitable interest in the following entities:

   A.   IFW-BVI, LLC, a Nevada limited liability company;

   B.   Sargent Ranch, LLC, a California limited liability company;

| | | | |
|---|---|---|---|
| 1 | | C. | Members Mortgage SVC; |
| 2 | | D. | DG Development II, LLC, a California limited liability company; |
| 3 | | E. | DG Development I, LLC, a California limited liability company, |
| 4 | | F. | IFW St. Croix Group, LLP, a U.S. Virgin Islands limited liability company, |
| 5 | | G. | Bridlewood Development LLC, a California limited liability company; |
| 6 | | H. | Greenley Oakls Estates, LLC; |
| 7 | | I. | Hearthstone Ranch II.LLC, a Nevada limited liability company; |
| 8 | | J. | Stonetree Group LLP, a U.S. Virgin Islands limited liability company; |
| 9 | | K. | Cruzan Gateway, Inc. A U.S. Virgin Islands Corporation; |
| 10 | | L. | MSD Management, LLC; |
| 11 | | M. | ADGH Management LLC; |
| 12 | | N. | AGD Management LLC, a United States Virgin Islands limited liability company; |
| 13 | | O. | Hillcrest Partners; |
| 14 | | P. | B.K. Nosler, LLC; |
| 15 | | Q. | North Oaks, LLC; |
| 16 | | R. | 14th Green LLC; |
| 17 | | S. | Real Estate Consulting, LLC, a Nevada limited liability company; |
| 18 | | T. | Grapple LLC, A Nevada limited liability company. |

35. Plaintiff is informed and believes and thereon alleges, Defendant failed to disclose his interests in the entities identified in paragraph 34 above in answer to question no. 13 or 14 of Schedule B which asks a debtor to identify his or her interest in incorporated or unincorporated businesses or his or her interest in partnerships or joint ventures.

36. Plaintiff is informed and believes and thereon alleges, Defendant knew he held an interest in each of the entities identified in paragraph 34 above when he filed in bankruptcy petition, and fraudulently and intentionally failed to disclose those interests.

37. Alternatively, Plaintiff is informed and believes and thereon alleges, Defendant had an interest in those entities identified in paragraph 34 above, within 6 years preceding the commencement of the case and failed to disclose those interests in answer to question

number 18 of the SoFA, which asks a debtor to identify all entities in which he was an officer, director, partner or managing executive of a corporation, partner in a partnership, within 6 years immediately preceding the commencement of his bankruptcy case, or in which the he owned 5 percent or more of the voting of equity securities within six years immediately preceding the commencement of the case.

38. Plaintiff is informed and believes and thereon alleges, Defendant knew he held an interest in the entities referred in paragraph 34 above in the six years immediately preceding the commencement of his case and fraudulently and intentionally failed to disclose those interests.

39. Plaintiff is informed and believes, and thereon alleges, at the time he filed his bankruptcy case, Defendant owned a legal or equitable interest in 7 Mount Pleasant located in Christiansted in the U.S. Virgin Islands (hereinafter referred to as "7 Mount Pleasant").

40. Plaintiff is informed and believes, and thereon alleges, Defendant knew he had a legal or equitable interest in 7 Mount Pleasant when he filed his bankruptcy petition and fraudulently and intentionally failed to disclose 7 Mount Pleasant.

41. Plaintiff is informed and believes, and thereon alleges, Defendant undervalued his interest, identified on Schedule B, in FBF, Bay Estates Group, LLC and Sargent Ranch, LLC.

42. Plaintiff is informed and believes, and thereon alleges, Defendant knew at the time he filed his bankruptcy petition the true value of FBF, Bay Estates Group LLC, and Sargent Ranch LLC, and fraudulently and intentionally failed to list the true value.

43. Plaintiff is informed and believes and thereon alleges Defendant held stock in Bioscrypt at the time he filed his bankruptcy petition.

44. Plaintiff is informed and believes, and thereon alleges, Defendant fraudulently and intentionally failed to disclose his interest in his stock in Bioscrypt on Schedule B, number 13, which asks a debtor to identify his or her interest in stocks.

45. Plaintiff is informed and believes and thereon alleges, Defendant held an interest in the following bank accounts at the time he filed his bankruptcy petition:

  A. Mount Diablo National Bank, account number xxxx537;

  B. Wells Fargo Bank Portfolio Management Account, no. xxxxxxxxxxxx3192;

  C. Bank of St. Croix, account no. xxxxxx6818;

  D. Citibank account no. xxxxxxxxx279, xxxx8400, xxxxxxx5246, and xxxxxxx8962.

46. Plaintiff is informed and believes and thereon alleges Defendant fraudulently and intentionally failed to disclose the bank accounts referred to in paragraph 45 above in response to Schedule B, number 1 which asked a debtor to identify his or her bank accounts.

47. Alternatively, Plaintiff is informed and believes and thereon alleges, Defendant closed the bank accounts referred in paragraph 45 above within one year immediately preceding the commencement of the case, and fraudulently and intentionally failed to identify those bank account in answer to question number 11 of the SoFA which asks a debtor to "list all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case...."

48. Plaintiff is informed and believes and thereon alleges, Defendant fraudulently and intentionally failed to disclose property he held as the trustee of the Griffin Virgin Islands Trust, including 30 membership units in MSD Management, LLC, in answer to question number 14 of the SoFA which asks a debtor to "list all property owned by another person that the debtor holds or controls."

49. Plaintiff is informed and believes and thereon alleges, Defendant fraudulently and intentionally failed to disclose property he held as the trustee of the Benson Virgin Island Family Heritage Trust, including the sum of $10,000, in answer to question number 14 of the SoFA which asks a debtor to "list all property owned by another person that the debtor holds or controls."

50. Plaintiff is informed and believes and thereon alleges, at the time the petition was filed Defendant had a legal or equitable property interest in 110 East 48th Street in Kearney,

| | | |
|---|---|---|
| 1 | | Nebraska, 68847 (hereinafter referred to as the "Kearney Property").. |
| 2 | 51. | Plaintiff is informed and believes and thereon alleges, Defendant fraudulently and |
| 3 | | intentionally failed to disclose his interest the Kearney Property when he filed his |
| 4 | | schedules and SoFA. |
| 5 | 52. | Alternatively, Plaintiff is informed and believes and thereon alleges, Defendant |
| 6 | | transferred his interest in the Kearney Property within two years preceding the |
| 7 | | commencement of the case and fraudulently and intentionally failed to disclose the |
| 8 | | transfer in answer to question number 10 of the SoFA, which asks a debtor to disclose all |
| 9 | | transfers of property outside the ordinary course of business in the two years immediately |
| 10 | | preceding the commencement of the bankruptcy case. |
| 11 | 53. | Plaintiff is informed and believes, and thereon alleges, at the time Defendant filed his |
| 12 | | petition he had an interest in a note receivable in the amount of $875,000 owed by Bay |
| 13 | | Estates Group, LLC, to, among others, the Defendant. |
| 14 | 54. | Plaintiff is informed and believes, and thereon alleges, Defendant fraudulently and |
| 15 | | intentionally failed to list his interest in a $875,000 note owed to, among others, the |
| 16 | | Defendant, in answer to question number 16 of Schedule B which asks a debtor to list |
| 17 | | accounts receivables. |
| 18 | 55. | Defendant's omissions in his Schedules and SoFA, as described in paragraphs through |
| 19 | | above, were material to the trustee, the court, and Defendant's creditors. |
| 20 | 56. | Defendant knowingly and fraudulently, in connection with his bankruptcy case, made a |
| 21 | | false oath and account pursuant to 11 U.S.C. Section 727(a)(4) when he failed to make |
| 22 | | the above-described disclosures in his Schedules and SOFA. |

### PRAYER

WHEREFORE, Plaintiff prays for the following:

1. A judgment denying Defendant's discharge pursuant to 11 U.S.C. Section 727(a)(2), 11 U.S.C. Section 727(a)(3); and/or 11 U.S.C. Section 727(a)(4); and
2. A judgment determining Defendant's debts identified in Debtor's Schedules and SoFA shall be and are nondischargeable; and

| | |
|---|---|
| 1 | 3. For such other and further relief as the Court deems just and proper. |
| 2 | Respectfully submitted, |
| 3 | Barbara A. Matthews<br>Assistant United States Trustee |

Dated: 10/14/09     By: _____
Margaret H. McGee
Margaret H. McGee
Trial Attorney
Attorneys for Sara L. Kistler
Acting United States Trustee